1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES TYLER ROOTS,                        No.  2:23-cv-01175-CKD P

12                  Plaintiff,

13        v.                                   ORDER

14   G. CHERIAN, et al.,

15                  Defendants.

16

17        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19   pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    **I.      Screening Requirement**

2         The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

7    **II.     Allegations in the Complaint**

8         At all times relevant to the allegations in the complaint, plaintiff was an inmate at

9    California State Prison-Sacramento ("CSP-Sac").  He alleges that on December 10, 2019,

10   defendant Cherian deliberately and maliciously closed his arm in a cell door causing him

11   unnecessary pain.  After being advised of his injury, defendants Cherian, Hanagan, and Masterson

12   delayed requesting medical assistance for plaintiff for three and a half hours.  These same

13   defendants were deliberately indifferent to his serious medical needs during this time period.

14        Plaintiff further alleges that defendants Williamson and Lynch failed to properly train

15   their staff in matters of safety and security in their capacity as the building lieutenant and the

16   prison warden.

17        Based on these factual allegations, plaintiff contends that defendants violated his Eighth

18   Amendment rights as well as committed various state law torts of assault/battery, negligence, the

19   intentional infliction of emotional distress, and mental/emotional injury.

20        By way of relief, plaintiff seeks compensatory and punitive damages.

21   **III.    Analysis**

22        Having conducted the required screening with respect to plaintiff's complaint, the court

23   finds that plaintiff may proceed on an Eighth Amendment excessive force claim against defendant

24   Cherian as well as an Eighth Amendment deliberate indifference claim against defendants

25   Cherian, Hanagan, and Masterson.

26        With respect to the other claims and defendants, the allegations do not amount to claims

27   upon which plaintiff may proceed because plaintiff does not sufficiently allege a causal link

28   between defendants Williamson and Lynch, who were acting in their supervisory capacity, and

the asserted constitutional violations.  Furthermore, this court does not have supplemental

jurisdiction over the state law tort claims because plaintiff does not allege compliance with the

California Tort Claims Act.  At this point, plaintiff has two options:  1) proceed immediately on

the Eighth Amendment claims identified above; or 2) attempt to cure the deficiencies in

plaintiff's complaint in an amended complaint.  In considering whether to amend, the court

advises plaintiff as follows:

        Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability,

each Government official, his or her title notwithstanding is only liable for his or her own

misconduct.").  When the named defendant holds a supervisory position, the causal link between

the defendant and the claimed constitutional violation must be specifically alleged; that is, a

plaintiff must allege some facts indicating that the defendant either personally participated in or

directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

        This court has supplemental jurisdiction over any claims that are "part of the same case or

controversy...."  28 U.S.C. § 1367(a).  However, "once judicial power exists under § 1367(a),

retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary" since

primary responsibility for developing and applying state law rests with the state courts.  Acri v.

Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  Plaintiff asserts a violation of

California law, but plaintiff fails to plead compliance with the California Tort Claims Act.[1]  To

properly allege any supplemental state law tort claim against defendants, plaintiff must present

facts demonstrating compliance with the California Tort Claims Act, rather than simply

conclusions suggesting as much.  See State of California v. Superior Court of Kings County, 32

Cal.4th 1234 (2004).  Even state tort claims presented in a federal civil rights action may proceed

---

[1] California Government Code §§ 905.2 et seq. describes the procedure for filing a tort claim against state employees and entities.

only if the claims were first presented to the state in compliance with this claim presentation

requirement.  See <u>Kaim–Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988).

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not

intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and

some do not.  You must decide if you want: (1) to proceed immediately on the Eighth

Amendment excessive force claim against defendant Cherian as well as the Eighth Amendment

deliberate indifference claim against defendants Cherian, Hanagan, and Masterson; or, 2) amend

the complaint to fix the problems identified in this order with respect to the remaining claims and

defendants.

If you choose to file an amended complaint, pay particular attention to the legal standards

attached to this order that may apply to your claims.  An amended complaint should include:

1)   The name of defendant(s);

2)   The action(s) performed or failed to be performed by defendant(s);

3)   The date or timeframe of the action(s);

4)   How the action(s) caused injury to you; and,

5)   The specific constitutional provision violated by defendant(s).

**Once you decide how you want to proceed, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**  When the court

receives the Notice of Election, it will issue an order telling you what you need to do next.  If you

do not return this Notice, the court will order service of the complaint only on the claims found

cognizable in this screening order and will dismiss the remaining claims and defendants pursuant

to Rule 41(a) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

shall be collected and paid in accordance with this court's order to the Director of the California

Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claims identified in this order or file an amended complaint in an attempt to cure the deficiencies in his original complaint.  If plaintiff does not return the form, this action will proceed on the claim described above.

Dated:  November 27, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/root1175.option

1
2
3
4
5
6
7
8
                         UNITED STATES DISTRICT COURT
9
                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11    JAMES TYLER ROOTS,                         No.  2:23-cv-01175-CKD

12                    Plaintiff,

13          v.                                   NOTICE OF ELECTION

14    G. CHERIAN, et al.,

15                    Defendants.

16

17    **Check one**:

18    _____ Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claim

19    against defendant Cherian as well as the Eighth Amendment deliberate indifference claim against

20    defendants Cherian, Hanagan, and Masterson.

21            **OR**

22    _____ Plaintiff wants time to file an amended complaint.

23    DATED:

24

25

26

27

28
                                                 Plaintiff's Signature