UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TYLER ROOTS,<br><br>        Plaintiff,<br><br>    v.<br><br>G. CHERIAN, et al.,<br><br>        Defendants. | No.  2:23-cv-1175-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff James Roots, a state prisoner, filed this action under 42 U.S.C. § 1983. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). In the motion presently before the court, defendants Cherian, Hanagan, and Masterson move to dismiss the action on res judicata (claim preclusion) grounds. (ECF No. 31.) For the reasons set forth below, the motion should be denied.

**BACKGROUND**

In January 2021, plaintiff filed a civil complaint titled Roots v. Cherian, Case No. 34-2021-00292893 in the Sacramento County Superior Court, against defendants Hanagan, Cherian, Masterson, and other defendants ("prior case"). (See ECF No. 31-2 at 2-32.) In the prior case, plaintiff alleged defendant Cherian recklessly closed plaintiff's cell door on plaintiff's arm until plaintiff cried out in pain and used profane language to get defendant's attention. (Id. at 15.) He also alleged he told defendants Cherian, Hanagan, and Masterson that his arm was swollen and

injured, and that he needed medical attention immediately, to no avail. (Id.)

In May 2021, defendants Cherian, Hanagan, and Masterson demurred[1] to the complaint in the prior case arguing plaintiff failed to comply with the Government Claims Act, and therefore failed to state a cause of action, among other grounds. (Id. at 33-45.) In October 2021, the state court sustained the demurrer on the ground that plaintiff failed to comply with the Government Claims Act and gave plaintiff leave to amend. (Id. at 49-50.)

In November 2021, plaintiff filed his first amended complaint in the prior case alleging defendant Cherian intentionally slammed plaintiff's arm shut in the door and that he requested medical attention from defendants Cherian, Hanagan, and Masterson to no avail. (ECF No. 31-2 at 55-56.) Defendants Cherian, Hanagan, and Masterson filed a demurrer asserting a single ground that plaintiff failed to comply with the Government Claims Act, and therefore failed to state a cause of action. (Id. at 77-87.) In August 2022, the Sacramento County Superior Court sustained the demurrer "based on plaintiff's failure to comply with the [Government Claims Act]" and gave plaintiff another chance to amend. (Id. at 90.)

In January 2023, plaintiff filed his second amended complaint in the prior case alleging defendant Cherian intentionally slammed plaintiff's arm shut in the door and that he requested medical attention from defendants Cherian, Hanagan, and Masterson to no avail. (ECF No. 31-2 at 94-95.) Plaintiff also alleged the actions of defendants Cherian, Hanagan, and Masterson violated his Eighth and Fourteenth Amendment rights. (Id. at 96-98.) Defendants Cherian, Hanagan, and Masterson filed another demurrer asserting (1) plaintiff failed to comply with the Government Claims Act, and therefore failed to state a cause of action for negligence, intentional tort, or assault, and (2) defendants are statutorily immune from liability under various state law immunities. (Id. at 114-166.) On August 3, 2023, the Sacramento County Superior Court sustained the demurrer. (Id. at 169.) In sustaining the demurrer, the state court ruled as follows:

> Plaintiff filed his 2AC on 1/9/2023 and defendants again demur on various grounds.

---

[1] A demurrer is the procedural device used in California to challenge the adequacy of pleading in a complaint or crossclaim. See Smith v. Kern County Land Co., 51 Cal. 2d 205, 209 (1958).

2

> Plaintiff has to date filed no opposition to the pending demurrer and the Court notes plaintiff filed on 5/23/2023 a "Motion to Voluntarily Withdraw Pending Complaint" in order to "save the Court time, resources and in the interest of justice." This motion by plaintiff is currently set for hearing on 9/7/2023. While the Court does not here rule upon a future motion set on its calendar, the Court will note that because plaintiff filed no opposition to this demurrer, plaintiff has not requested leave to amend or demonstrated how it would cure the defects raised by the demurrer.
>
> Nor is this the first challenge to plaintiff's complaint as he has been given two prior opportunities to amend, but has failed to cure the defects at issue.
>
> Disposition
>
> Because the pending demurrer is unopposed, the Court will SUSTAIN defendants' demurrer and this time, does so without leave to amend.

(ECF No. 31-2 at 169.) On August 25, 2023, the Sacramento County Superior Court entered judgment in favor of defendants in the prior case. (Id. at 171-75.)

Plaintiff initiated the instant action on June 16, 2023. (ECF No. 1.) After the screening required by 28 U.S.C. § 1915A, the case proceeded on an Eighth Amendment excessive force claim against defendant Cherian and an Eighth Amendment deliberate indifference claim against defendants Cherian, Hanagan, and Masterson. (ECF Nos. 7, 10, 11.) As to those claims, plaintiff alleges that on December 10, 2019, at California State Prison-Sacramento ("CSP-Sac"), defendant Cherian deliberately and maliciously closed his arm in a cell door causing him unnecessary pain, after which defendants Cherian, Hanagan, and Masterson delayed requesting medical assistance for three and a half hours. (ECF No. 1.)

On November 5, 2024, defendants filed the motion presently before the court. (ECF No. 31.) Plaintiff opposed the motion. (ECF No. 35.)

**APPLICABLE STANDARD**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss brought under Rule 12(b)(6), the court may consider material properly submitted as part of the complaint and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

3

1      Claim preclusion is properly brought as an affirmative defense under Rule 12(b)(6). See
2 Holcombe v. Hosmer, 477 F.3d 1094,1096-97 (9th Cir. 2007). "The preclusive effect of a state
3 court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit
4 statute, which.... commands a federal court to accept the rules chosen by the State from which the
5 judgment is taken." Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380
6 (1985). In California, claim preclusion "prevents relitigation of the same cause of action in a
7 second suit between the same parties or parties in privity with them." DKN Holdings LLC v.
8 Faerber, 61 Cal. 4th 813, 824 (2015). If claim preclusion is established, it operates to bar
9 relitigation of the claim altogether. Id. Claim preclusion arises if a second suit involves: (1) the
10 same cause of action (2) between the same parties (3) after a final judgment on the merits in the
11 first suit. Id. The party asserting preclusion bears the burden of showing it applies. See Lucido v.
12 Superior Ct., 51 Cal. 3d 335, 337 (1990).

**DISCUSSION**

A.  **Same Cause of Action**

15      "California courts employ the 'primary rights' theory to determine what constitutes the
16 same cause of action for claim preclusion purposes." Gonzales v. California Dep't of Corr., 739
17 F.3d 1226, 1232 (9th Cir. 2014). "[I]f two actions involve the same injury to the plaintiff and the
18 same wrong by the defendant then the same primary right is at stake even if in the second suit the
19 plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts
20 supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (Ct. App. 1983);
21 see also Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 798 (2010) ("for purposes of
22 applying the doctrine of res judicata, … 'cause of action' [means] the right to obtain redress for a
23 harm suffered," regardless of the specific remedy sought or the legal theory advanced). "If the
24 same primary right is involved in two actions, judgment in the first bars consideration not only of
25 all matters actually raised in the first suit but also all matters which could have been raised[.]"
26 Eichman, 147 Cal. App. 3d at 1175. "[T]he determinative factor is the harm suffered and [w]hen
27 two actions involving the same parties seek compensation for the same harm, they generally
28 involve the same primary right." Boeken, 48 Cal. 4th at 798.

4

1    In both the prior case and the present federal case, plaintiff raises the same "primary
2 rights" to be free from harm caused by his arm being closed in a cell door and subsequent delay
3 or denial of medical care. This element of claim preclusion is met.

4    **B.  Same Parties**

5    In the prior case, plaintiff named defendants Cherian, Hanagan, and Masterson as
6 defendants in each of his three complaints. (See ECF No. 31-2 at 2, 52, 93.) In this case, plaintiff
7 again names defendants Cherian, Hanagan, and Masterson as defendants. The current defendants
8 are the same parties who were named in plaintiff's prior case. This element of claim preclusion is
9 satisfied.

10   **C.  Final Judgment on the Merits**

11   A judgment not rendered on the merits does not operate as a bar. Mid-Century Ins. Co. v.
12 Superior Ct., 138 Cal. App. 4th 769, 776 (2nd Dist. 2006) (holding that termination of an action
13 because of a statute of limitations is a technical, rather than a substantive, termination). When a
14 general demurrer is sustained, "[it] is a judgment on the merits to the extent that it adjudicates that
15 the facts alleged do not constitute a cause of action[.]" Crowley v. Mod. Faucet Mfg. Co., 44 Cal.
16 2d 321, 323 (1955) (quoting Keidatz v. Albany, 39 Cal.2d 826, 828 (1952) (quotation marks
17 omitted). "[If] different facts [are] alleged in the second action, [and] the demurrer was sustained
18 in the first action on a ground equally applicable to the second, the former judgment will also be a
19 bar." Id. "If, on the other hand, new or additional facts are alleged that cure the defects in the
20 original pleading, it is settled that the former judgment is not a bar to the subsequent action
21 whether or not plaintiff had an opportunity to amend his complaint." Id.

22   In determining whether the present action asserts the same or different facts, the issue is
23 whether "the complaint states the same facts which were held not to constitute a cause of action
24 on the former demurrer[.]" McKinney v. Cnty. of Santa Clara, 110 Cal. App. 3d 787, 789 (1st
25 Dist. 1980); see also Kanarek v. Bugliosi, 108 Cal. App. 3d 327, 335 (2nd Dist. 1980) ("we are
26 instructed by Keidatz that we must evaluate the second complaint to determine whether new or
27 additional facts are alleged which cure the defects in the original pleading").
28 ////

1        Defendants argue this case is similar to Valson v. Cates, No. 1:14-CV-01420-DAD-EPG, 2018 WL 6620341, at *5 (E.D. Cal. Dec. 18, 2018), subsequently aff'd sub nom. Valson v. Kelso, 812 F. App'x 511 (9th Cir. 2020). Defendants argue Valson addressed a state-court order sustaining a demurrer without leave to amend for failure to comply with the Government Claims Act, which was a final judgment on the merits. (ECF No. 31 at 8.) In Valson, however, the state court had sustained the demurrer as to the entire action, including the federal claims against defendants sued in their official capacity, holding the defendants were immune from suit. Valson, 2018 WL 6620341, at *4-6. In this case, in contrast, it appears more likely the state court sustained the demurrer to plaintiff's second amended complaint in the prior case solely on a procedural or technical ground, rather than on the merits. (See ECF No. 31-2 at 169 "Because the pending demurrer is unopposed, the Court will SUSTAIN defendants' demurrer….")

        As defendants note, at least one other district court has held a state court's dismissal for failure to comply with the Government Claims Act does not have preclusive effect on a subsequent action raising federal claims because of the lack of a final judgment on the merits specific to the federal claims. See Williams v. Rodriguez, No. 1:14-CV-02073-AWI-SAB-PC, 2017 WL 511858, at *7 (E.D. Cal. Feb. 8, 2017) (holding state court's dismissal for failure to comply with the Government Claims Act did not have preclusive effect on a subsequent action alleging only federal claims under 42 U.S.C. § 1983). Moreover, defendants have not provided the court with authority that a final judgment on the merits is obtained when a court sustains a demurrer without leave to amend on the ground that the demurrer was unopposed. Other district courts have held the burden to establish claim preclusion is not met under similar circumstances. See Rodriguez v. Bank of New York Mellon, No. 13-CV-1830-GPC-BLM, 2014 WL 229274, at *6 (S.D. Cal. Jan. 17, 2014) (claim preclusion is not established where the state court sustains an unopposed demurrer and it is unclear whether the dismissal is based on a review or actual determination on the merits); Ros v. U.S. Bank, Nat. Ass'n, No. 12-CV-1447-GPC BGS, 2013 WL 3190684, at *5 (S.D. Cal. June 20, 2013) (same). Defendants have not carried their burden of establishing the final element of claim preclusion in the present case.

////

**ORDER AND RECOMMENDATION**

For the reasons set forth above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED that defendants' motion to dismiss based on res judicata (ECF No. 31) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 24, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, root1175.mtd

7